# Exhibit A

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Jabari-Jason Tyson-Phipps, a/k/a
Les B.,[1]
Complainant,

v.

Antony Blinken,
Secretary,
Department of State,
Agency.

Request No. 2022003837

Appeal No. 2021002217

Hearing No. 520-2020-00577X

Agency No. DOS-0385-19

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Les B. v. Dep't of State</u>, EEOC Appeal No. 2021002217 (June 2, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

Complainant, an FS-05 Special Agent at the Agency's Bureau of Diplomatic Security, New York Field Office in Fort Lee, New Jersey, filed a formal EEO complaint alleging that the Agency discriminated against him on the bases of race (Black-American), national origin (Dominican-American), color (Dark Skinned), and in reprisal for prior EEO-protected activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                2022003837

1. On May 6, 2019, Complainant received an unfair performance evaluation;
2. On May 13, 2019, Complainant was denied the opportunity to participate in a sustainment skills class;
3. On May 16, 2019, Complainant's law enforcement credentials, badge, and weapon were taken from him;
4. On May 30, 2019, Complainant was placed on administrative leave;
5. On May 30, 2019, Complainant was instructed to submit to a Fitness for Duty evaluation;
6. At the end of calendar year 2019, Complainant lost 118.5 hours of annual leave, and his request to have it restored was denied; and
7. As recently as May 3, 2019, Complainant was subjected to a hostile work environment, disparaging comments, derogatory remarks, inflammatory remarks, false accusations, heightened scrutiny of his work, and changes to his duty station.

Following an investigation, Complainant initially requested a hearing before an EEOC Administrative Judge (AJ), but subsequently withdrew his request. Consequently, the Agency issued a final decision. In the decision, the Agency concluded that Complainant was not subjected to discrimination or reprisal as alleged. In the appellate decision, the Commission affirmed the final decision.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2021002217 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

<u>December 19, 2022</u>
Date