UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JABARI-JASON TYSON-PHIPPS,

                    Plaintiff,

vs.

Antony Blinken, as Secretary of State,

    Defendant.

Case No.: 1:23-cv-02316(PAC)

REVISED MEMORANDUM OF LAW IN OPPOSITION OF

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

HEARING REQUESTED

## REVISED MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

DSS SA Jabari-Jason Tyson-Phipps, Esq.
Pro Se
255 North Ave #1096
New Rochelle, NY 10802-1096
Tel: (646) 934-9694
JJTP@jjtpgroup.com

1

TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..............................................................................................1

**BACKGROUND** ...............................................................................................................1

     *a. Procedural History* ...........................................................................................*1*

     *b. Factual Background* ........................................................................................*1*

**LEGAL STANDARD**.........................................................................................................2

**ARGUMENT** ...................................................................................................................3

    I. THE GOVERNMENT ATTEMPTS TO SHIRK RESPONSIBILITY FOR BLATANT VIOLATIONS OF THE US CONSTITUTION, FEDERAL, AND STATE LAWS IN VIOLATION OF FRCP 8(E)...............................................................3

    II. THERE IS NO BASIS FOR THE COURT TO DISMISS THE CASE UNDER RULE 12(B)(6) AND THE LAW REQUIRES THE CLAIM BE ALLOWED TO CONTINUE WITH A RULING IN MY FAVOR....................................................................4

     *a. Title VII Claim For Discrimination And Section 1981 Retaliation* .......................................*4*

     *b. The Hostile Work Environment Claim* .................................................................*5*

     *c. Whistleblower Enhancement Protection Act Retaliation* ...................................................*6*

    III. THE CONSTITUTION AND LAW REQUIRE THE COURT TO PROTECT MY RIGHTS.....................................7

     *a. The Department Clearly And Blatantly Has Violated The First Amendment Under The Standard Set Forth In Watts V. US*.......................................................................................*7*

     *b. The Department Clearly And Blatantly Has Violated The Second Amendment Under The Standard Set Forth In. Bruen*.........................................................................................*9*

     *c. Title VII Does Not Preclude Or Eliminate Constitutional Rights*.......................................*10*

    IV. THE GOVERNMENT FALSELY CITES TO THE STANDARD REGARDING THE SPECIAL SOLICITUDE GRANTED TO PRO SE LITIGANTS WHO ARE ADMITTED TO PRACTICE LAW..................................................................10

**CONCLUSION** ..........................................................................................................**10**

i

TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ...................................................................................3

Bank v. Alarm.com Holdings, Inc., 828 F. App'x 5, 7 (2d Cir. 2020) .............................................10

Conley v. Gibson, 355 U.S. 41, 47 (1957)....................................................................................2, 4

Cruz v. Coach Stores, 202 F.3d 560, 570 (2d Cir. 2000) .................................................................5

Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003) ..........................................................................3

Harris v. Forklift Systems, Inc., 510 US 17 (1993) ......................................................................5, 6

Hishon v. King & Spalding, 467 U. S. 69, 73 (1984)....................................................................3, 4

Holowecki v. Fed. Express Corp., 440 F.3d 557, 565 (2d Cir. 2006).................................................2

Little v. United States Department of Defense, Dist. Court, ED Missouri 2022 Case No. 4:21-CV-1309-JAR ...............3

Littlejohn v. City of New York, 795 F.3d 297, 320-21 (2d Cir. 2015)...............................................5

Lucente v. County of Suffolk, 980 F.3d 284, 309 (2d Cir. 2020)......................................................4

Lugo-Young v. Courier Network, Inc., No. 10 Civ. 3197, 2012 WL 847381 .......................................2

Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986)......................................................................5

New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___(2022) ................................9

Nielsen v. AECOM Tech. Corp., 762 F.3d 214, 221 (2d Cir. 2014).................................................7

Swierkiewicz v. Sorema NA, 534 US 506, 514 (2002) .....................................................................3

Tracy v. Freshwater, 623 F.3d 90, 102, 103-04 (2d Cir. 2010) .....................................................10

Watts v. United States, 394 U.S. 705 (1969).................................................................................8

Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) .....................................................3

## Statutes

22 USC 2709....................................................................................................................................9

Article 1, Section 9, Clause 3..........................................................................................................9

Bush v. Lucas, 462 U.S. 367 (1983) ...............................................................................................7

Fifth Amendment.............................................................................................................................9

First Amendment ................................................................................................................. 7, 9

Law Enforcement Officers Safety Act (LEOSA) ....................................................................9

Second Amendment ........................................................................................................... 8, 9

Title VII................................................................................................................... 1, 4, 5, 9

Other Authorities

Exhibit A- EEOC DECISION ON REQUEST FOR RECONSIDERATION for DOS-0385-19 ....................................8

Exhibit B- EEOC Timeline supplied for DOS-0031-23 .......................................................................1, 2

Exhibit C- EEOC Investigator Report For DOS-0385-19……………………………………………………………….1

Exhibit D- EEOC Letter and Complaint DOS-0385-19 ........................................................................1

Exhibit E- The OIG Report Finding Retaliation ..................................................................................6

Exhibit F- DS 1974s Showing blatant Whistleblower Retaliation ............................................................6, 8

Exhibit G- Sworn Deposition Transcript of SSA Ariel Kaufman ..............................................................9, 10

Exhibit H- Sworn Deposition Transcript of SSA Michael Alimenti .................................................................8

Exhibit I- Sworn Deposition Transcript of SSA Terrance Wallace ..................................................................8

Exhibit J- Email from SSA Terrance Wallace to Management Reporting Whistleblower Activity Against Them ..........8

Exhibit K- Email From Deputy Assistant Secretary for Global Talent Management Admitting Whistleblowing ...........7

Exhibit L- Email Reporting Harassment SA King before suicide and Notices of Suicide ................................7

Exhibit M- Records Showing I was Due an Adminstrative Promotion According to the Law and That Promotion Has Been Withheld as a Result of Retaltion and False Statements Which is the Basis for this Case ......................4, 5, 6

Exhibit N- Memo Showing The Rationale Given By ASAC Peter Carlson As To Why He Wrote To The Director General To Have My Adminstrative Promotion Withheld And Showing He Lied By Saying I Recived An Unsatifactory Rating, Which Would Violate A Rule, Policy, And Law To Do So Which Was The Nature Of The Protected Disclousre I Was Punished For And Which Gives Rise To This Complaint. ...............................................4

Exhibit O- Documents, Memoranda, And Records Showing The Hisotry Of The Conflcit With ASAC Urgarte Which Is

The Gensis Of The Protected Disclosure In The Alvarez Case And The Retalation In General. The Documents

Evidence Retaliation For Making Protected Disclosures  ........................................................................................4

Exhibit P-  Documents, Memoranda, And Records Showing That I Was Forced To Alter Government Records To Say

Someone  Committed Fraud When They Had Not Which Is The Root Of The Protected Disclosure In The Alvarez

Case ...........................................................................................................................................................................4

Exhibit Q- Emails Records From The Department's Management Stating I Am At It Again And That They Will Use My

Statements To Get Ride Of Me And Silence Me For Whistleblowing. ...................................................................4,6

## Rules

56 ................................................................................................................................................................... 1, 6

8(e) .............................................................................................................................................................3, 10

Rule 8(a) ..........................................................................................................................................................1

## Regulations

12 FAM 092 .........................................................................................................................................................9

**PRELIMINARY STATEMENT**

I, Jabari-Jason Tyson-Phipps, the Plaintiff respectfully submit this memorandum of law in opposition to the motion to dismiss filed by the Defendant under Rule 8(a), 12(b)(6), and 56 of the Federal Rules of Civil Procedure and in support of a judgment on the pleadings or summary judgment in my favor. I filed this action against the United States Department of State (the "Department" or "Defendant") for numerous violations of Title VII of the Civil Rights Act of 1964 on the basis of race, color, national origin, and retaliation; numerous Constitutional violations; violations of the Whistleblower Protection Enhancement Act of 2012 ("WPEA") 5 U.S.C. § 2302(b)(8) & (9); and numerous state and local laws on or about 18 March 2023 based on my previous EEOC case DOS-0385-19. I have provided adequate facts as required by Rule 8(a) and as such the Defendant's motion is improper before I have had the opportunity to conduct discovery and develop evidence to support my claims. There are disputed issues of material fact to be explored regarding the Defendant's conduct or alternatively, if the Defendant asserts that all the allegations in the complaint are true, then I would be entitled to a judgment on the pleadings or summary judgment.

**BACKGROUND**

a. *PROCEDURAL HISTORY*

I have been a special agent with the Department since 2016. During that time, I have filed numerous complaints regarding violations of my Constitutional rights, harassment, discrimination, and retaliation based on my race, national origin, and color as well as retaliation for my protected whistleblower activities. *See generally* Compl. The Complaint which serves as the basis for this case, was filed as DOS-0385-19 (the "EEOC Filing"). *See* Compl. PP 38-39 para 144 I have exhausted my administrative remedies for the issues addressed in the EEOC Filing. *See* Compl. PP 39-40 para 145-148 and Exhibit A p.2. This complaint based on the EEOC Filing seeking relief, which is permitted by the final EEOC decision (Exhibit A), was filed on 18 March 2023 within the 90-day period in the proper United States District Court as contemplated by the final EEOC decision.

b. *FACTUAL BACKGROUND*

The Complaint offers a detailed 34-page recitation of the allegations on which it is based. *See* Compl. PP 8-42 Paras. 15-144 Those paragraphs offer not only detailed allegations but embeds of evidence proving the allegations made by way of example, Paras. 39, 42, 54, 56, 57, 63, 64, 65, 67, 71, 79, 82, 102, 104, 110, 134, 136, 139, and 142. Specifically, para 24 refers to the 1442-page EEOC investigator's report of the allegation in the EEOC Filing which contains testimony, documents, and affidavits taken that support the allegations made in this Complaint. *See* Exhibit C The Complaint in those paragraphs offers some of the same exhibits as are contained in the EEOC Investigator report. *See* Exhibit D Further, Exhibit B is a summarized

1

timeline as was supplied to the EEOC detailing the allegations referred to herein. I incorporate Exhibits B and C and the information and evidence within them into my complaint and this factual background again.[1]

The EEOC Filing covered the period from September 2016 to May 2019 and the accepted allegations were: "1. On May 6, 2019, Complainant received an unfair performance evaluation; 2. On May 13, 2019, Complainant was denied the opportunity to participate in a sustainment skills class; 3. On May 16, 2019, Complainant's law enforcement credentials, badge, and weapon were taken from him; 4. On May 30, 2019, Complainant was placed on administrative leave; 5. On May 30, 2019, Complainant was instructed to submit to a Fitness for Duty evaluation; 6. At the end of calendar year 2019, Complainant lost 118.5 hours of annual leave, and his request to have it restored was denied; and 7. As recently as May 3, 2019, Complainant was subjected to a hostile work environment, disparaging comments, derogatory remarks, inflammatory remarks, false accusations, heightened scrutiny of his work, and changes to his duty station." *See* Exhibit B P. 2 The Complaint distinguishes the "Subsequent Protected Activities, Retaliation, and Actions and History of Bad Behavior and Discrimination" under a separate heading, of its Factual Background from paras 149-161 so to not confuse the issues.

Paragraphs 15-144 offer detailed facts supporting each of the accepted allegations and the claims for relief in the Complaint and each subparagraph detailing a claim further details the allegations which give rise to it in the corresponding subparagraph. The EEOC and Office of Civil Rights of the Department found there to be facts to support the allegations.

### LEGAL STANDARD

Rule 8(a) requires the pleading only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). It need not contain detailed factual allegations, but it must provide enough factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) The complaint satisfies this rule by providing the Defendant fair notice of the claims and factual allegations upon which they rest, as required by Rule 8. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Conley, 355 U.S. at 47.

Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts to support their claims. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that

---

[1] "On motions to dismiss in employment-discrimination cases, courts may consider documents filed with the EEOC. Holowecki v. Fed. Express Corp., 440 F.3d 557, 565 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs['] relevant filings with the EEOC . . . ."); Lugo-Young v. Courier Network, Inc., No. 10 Civ. 3197, 2012 WL 847381, at *1 n.2 (E.D.N.Y. Mar. 13, 2012) ("With respect to administrative filings (such as the NYSDHR and the EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to Plaintiff's claims." (Citation and alteration omitted))." Defendant's memorandum at P. 10

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (Citing Twombly, 550 U.S. at 556). When considering a 12(b)(6) motion, the court presumes that all the allegations of the complaint are true; it resolves all doubts or inferences in the plaintiff's favor; and it reads the complaint in the light most favorable to the plaintiff. The burden of proof on such a motion is on the party making it.[2]

The Twombly decision emphasized that a complaint should provide enough factual detail to "nudge" the plaintiff's claim from merely conceivable to plausible. In Ashcroft, the Court held that courts must engage in a two-step analysis when evaluating a motion to dismiss. First, the court must separate the factual allegations from the legal conclusions. Second, it must determine whether the factual allegations, when taken as true, plausibly give rise to an entitlement to relief. Further, "a court should be particularly solicitous of pro se litigants who assert civil rights claims" Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003) Rule 8(e) mandates pleadings to be construed to do justice. Summary judgment is only proper if there are no material facts in dispute. However, if the Government agrees with my allegations, it will warrant summary judgment in my favor, not theirs. As such, additional discovery is required, and this case should proceed as dismissal at the pleading stage would be premature or the Court must rule in my favor based on the facts agreed upon.

ARGUMENT

I.    THE GOVERNMENT ATTEMPTS TO SHIRK RESPONSIBILITY FOR BLATANT VIOLATIONS OF THE US CONSTITUTION, FEDERAL, AND STATE LAWS IN VIOLATION OF FRCP 8(E)

The Government's motion is incongruous; it both seeks to argue that the complaint does not provide facts to support the claims while citing to the facts that support the claims and argues that the complaint has too many details and therefore should be dismissed which is not what the law provides.

In Swierkiewicz v. Sorema NA, 534 US 506, 514 (2002) the Court stated: "Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and ..."[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U. S. 69, 73 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."

Hishon cites Conley, 355 US at 48, for the proposition that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

---

[2] See Also- "When ruling on a motion to dismiss under Rule 12(b)(6), the district court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), Little v. United States Department of Defense, Dist. Court, ED Missouri 2022 Case No. 4:21-CV-1309-JAR.

3

to facilitate a proper decision on the merits." <u>Conley</u> also affirms the position that "all the Rules require is "a short and plain statement of the claim"…[and] "all pleadings shall be so construed as to do substantial justice[.]" *Id*.

As stated above, the Complaint clearly delineates which facts relate to this case and which facts speak to ongoing harassment addressed in cases which are pending to clarify those facts that are in play in this case, and which are not. Contrary to the Defendant's contention, 129 of 161 of the factual background paragraphs speak to the issues in this case, and only 11 speak to the subsequent actions that their motion seeks to highlight to cause confusion. The facts in this case are detailed and laid out in a manner that far exceeds the requirements of Rule 8(a). It identifies the parties, alleges the specific adverse employment actions by Defendant, and asserts claims under various federal and state laws based on discrimination, retaliation, and other unlawful conduct. While the complaint provides necessary factual background, it is not unnecessarily prolix or unclear. The Defendant has been provided with fair notice of the claims against it. Dismissal under Rule 8(a) is not warranted.

II. *THERE IS NO BASIS FOR THE COURT TO DISMISS THE CASE UNDER RULE 12(B)(6) AND THE LAW REQUIRES THE CLAIM BE ALLOWED TO CONTINUE WITH A RULING IN MY FAVOR*

    a. *TITLE VII CLAIM FOR DISCRIMINATION AND SECTION 1981 RETALIATION*

The basis for these claims were issues of discrimination based on race, color, and national origin part of which were brought up in the prior EEOC Case, DOS-0069-19. Contrary to the Government's assertion those allegations are part of this case under the continuing-violation doctrine. They are not time-barred under the Court's decision in <u>Lucente v. County of Suffolk</u>, 980 F.3d 284, 309 (2d Cir. 2020) because in paragraphs 20, 21 and specifically in 154 where I detail the policy, I allege "the existence of an ongoing policy," the Department's Hallway reputation evaluation system, " . . . and some non-time-barred acts taken in furtherance of that policy" which would be the actions that give rise to the complaint including but not limited to the unfair performance evaluation. These allegations are found specifically in paragraphs, 25-36, 59-64, 91-104, and 181 under the claim for Title VII by way of example. This is just one of several examples found in the 146 paragraphs of factual allegations that the Government refers to in its own motion. The memos, emails, and records from management stating why my promotion was withheld and giving the reason for the unfair evaluation and the other complaints which are the accepted issues in the EEOC Filing directly refers to those issues as well as the violations of the Constitution and federal law which give rise to this complaint. (*See Generally* the emails, memos, and records from Exhibits M, N, O, P, and Q)

Further, in those same paragraphs I pointed out not only was I treated differently, but that treatment was in violation of federal law and Department policy. Specifically, paragraph 102 shows the actual email from the Deputy Assistant Secretary ("DAS") stating they violated the law (Exhibit K p. 5). In paragraph 152 I go on to list several other similar race-based on-going cases involving the same parties showing there is a pattern. Whether the conduct was a result of Title VII discrimination is a question of fact, not law, for a jury who has had an opportunity to review all the facts that need to be developed in discovery.

4

The complaint pleads sufficient facts to state plausible claims for discrimination and retaliation under Title VII and Section 1981. It alleges the Department took numerous adverse actions against me motivated by discrimination based on protected classes and retaliation for my protected EEO activities, including but not limited to an ongoing indefinite denial of a legally required administrative promotion for over 4 years which they state is based on the actions which give rise to this complaint including my whistleblower activity; denying me training opportunities; placing me on leave; conducting unwarranted medical evaluations; and creating a hostile work environment through harassment and abuse of authority. *See* Exhibit M

Temporal proximity between the protected activities and adverse actions supports an inference of retaliation. The Defendant's arguments regarding untimely or unexhausted allegations misconstrue the scope of my claims. The complaint should be liberally construed at this stage, and all reasonable inferences drawn in my favor. I have pled enough facts to allow my discrimination and retaliation claims to proceed.

    b.   THE HOSTILE WORK ENVIRONMENT CLAIM

Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986), established the basic legal framework for hostile work environment claims under Title VII of the Civil Rights Act of 1964. In Vinson, the court held that the language of Title VII was "not limited to 'economic' or 'tangible' discrimination," finding that Congress intended "'to strike at the entire spectrum of disparate treatment…" and recognized that plaintiffs could establish violations of the Act "by proving that discrimination based on sex has created a hostile or abusive work environment." The same principle applies to race, color, retaliation, and other classes protected under Title VII. In Harris v. Forklift Systems, Inc., 510 US 17 (1993) the Court held that a hostile work environment claim can be established even if the harassment does not rise to the level of being severe or pervasive enough to cause a reasonable person to feel threatened or humiliated therefore this is a question of fact for a jury not a question of law and the Complaint alleges numerous examples of harassment including but not limited to threats to ruin my career, put me out on a psychological exam, and stop my promotion for standing up to false allegations and whistleblower activity which was actually done (Paras. 25-81, with a specific timeline in 79). I have alleged that my workplace was permeated with "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [my] employment and create an abusive working environment," Littlejohn v. City of New York, 795 F.3d 297, 320-21 (2d Cir. 2015), behavior "so extraordinarily severe . . . to have altered the conditions of [my] working environment," Cruz v. Coach Stores, 202 F.3d 560, 570 (2d Cir. 2000). I need not prove the allegation at this stage as the Government is suggesting. Title VII bars conduct that would seriously affect a reasonable person's psychological well-being, but the statute is not limited to such conduct. So long as the environment would reasonably be perceived, and is perceived, as hostile or abusive, Vinson, supra, at 67, there is no need for it also to be psychologically injurious. Harris, 510 U.S. at 22 According to the Department itself they hired me and checked my

mental health during my Top Secret Clearance process and found no issues but after the treatment in question, they felt a need to send me for multiple physical and psychological mental health exams, which found no issues, suggesting either they had a genuine concern for my mental health based on what occurred or as alleged the forcing of invasive exams including psychological exams was an act of retaliation and part of the pattern described in paragraph 154 of the Complaint. Either way, it would suggest there are plausible facts which could lead a finder of fact to determine there was in fact a hostile work environment but again, they are attempting to have the Court rule on an issue of fact not an issue of law. The law requires only that the allegations be made which they were and as such dismissal would not be proper as it is up to the finder of fact to decide if the alleged activity rose to the level where a reasonable person would find it to be a hostile or abusive work environment in addition to my subjective perception, as required by Harris and it warrants a judgment. 510 U.S. at 21-22.

   c.   WHISTLEBLOWER ENHANCEMENT PROTECTION ACT RETALIATION

Paragraphs 43 to 58 specifically speak to this issue. Paragraph 54 is a screenshot of a reprimand I received for "being critical" and reporting to the US Attorney they were forcing me to change reports of investigation to say there was fraud when multiple US Attorneys' offices agreed there was none. Paragraph 56 shows they removed the comment about why I was being written up after I complained about whistleblower retaliation with no explanation. The suggestion by the Government that what is clearly on the page is not there, because the whole document was not provided, is beyond disingenuous. It shows that this motion is nothing more than an attempt to delay and hinder in bad faith or perhaps to cover up the US Attorney's Office's dirty hands in the situation. To clear any confusion, Exhibit F is the complete documents from paragraphs 54 and 56. As the records show clearly now, the nature of this dispute was that I refused to change a report to say a person committed fraud to have that person deported. See Exhibit Q When I reported that to THIS US Attorney's office rather than take action to investigate, their agent who used to work as a DS agent in my office with the management officials in question, short-circuited the report and took it back to the management officials I was reporting on which is what led to the write-up. All of this is detailed in Exhibit F including a cut and paste of the emails in question. Regardless, the law requires all facts I allege to be taken as true and the Government's argument rests on calling me a liar which is improper. It must be further noted that soon after, as detailed in paragraphs 59-64, I was given the unfair rating which is the 1st accepted claim in the EEOC Filing which resulted in the denial of my promotion which is the 7th accepted claim. Further as stated the DAS for human resources Jeanne Julio acknowledged they violated the law/regulations in paragraph 102 (Exhibit K P.5). Further as stated, this was used to justify not only these actions but the subsequent actions in the ongoing complaints which have not matured to this Court. The grounds given for the Fitness for Duty Exam ("FFDEs") and withholding my promotion to this day include those writeups. See Exhibit K p. 5, Exhibit O pp 14, 17 (Ugarte he unsuccessfully (P.17) attempted to send me for an FFDE and tried to give me one of the

evaluations which give rise to this case for whistleblowing and the gun issue(P. 14), and that he would try to do it again which he did which is FFDE and evaluation in this case; and Generally Exhibits M, N, and Q  The OIG investigated this matter and found that I engaged in protected activity and had adverse employment actions taken against me as a result. *See* Exhibit E

This is in addition to paragraphs 82 to 90 in which I detail how I reported that they were bullying another agent who ultimately took his own life soon after when nothing was done about that harassment. *See* Exhibit L p. 14 Subsequently I was threatened not to say anything and when I did, I was again given an unfair rating, which is the genesis of these complaints.

The WPEA does not require that I am right that a law, regulation, or rule was being violated, to meet the "reasonable belief" standard, I need only show that a reasonable person in my position would have believed that the conduct constituted a violation. Nielsen v. AECOM Tech. Corp., 762 F.3d 214, 221 (2d Cir. 2014). Ignoring that it was in fact a violation of several laws, rules, and Department policies including those against bullying and discrimination, which they have since acknowledged, that too is a question of fact for a jury. As such, I have offered multiple WPEA retaliation claims supported by not only allegations but evidence and it would be improper to dismiss this claim.

### III.    THE CONSTITUTION AND LAW REQUIRE THE COURT TO PROTECT MY RIGHTS

Federal Courts are the proper venue to address violations of the Constitution under Federal question jurisdiction. Congress may not legislate away the United States Constitution, the rights it grants, nor the right to redress violations by statute.

#### a.    THE DEPARTMENT CLEARLY AND BLATANTLY HAS VIOLATED THE FIRST AMENDMENT UNDER THE STANDARD SET FORTH IN WATTS V. US

The Department clearly punished me and continues to punish me to this day for my protected First Amendment activities as described in the Complaint specifically paragraphs 198-203. I am entitled to relief from this Court as their actions clearly violate my Constitutional rights and I have suffered and will continue to suffer damages until such relief is granted. In this case, unlike in Bush v. Lucas, 462 U.S. 367 (1983) there are measurable damages including the salary that has been and is still being withheld from me because of my First Amendment activities which are also protected disclosures as described in the complaint, making this not only a First Amendment issue but a retaliation issue.

The Government's assertion that I can not show the disclosures were a matter of public concern both are blatantly false and directly contradicts its motion because the place to make those proofs would be discovery and at trial which it is trying to stop before I have had the opportunity to develop my case. The situation in question is the direct cause of multiple of the accepted claims in the EEOC Filing including being made to submit to an FFDE, being put on leave, and having my equipment taken. As described above and in paragraphs 43-58 and 201, this issue began with me whistleblowing on management. They retaliated by giving me the unfair evaluation, which is another of the accepted claims in the EEOC Filing this case is based on and which is in violation of federal law and department policy as acknowledged in the email from the DAS in paragraph 102

(Also Exhibit K p. 13). The statement for which I was punished was a report that the acting Special Agent in Charge of the New York Field Office of a federal agency was doctoring reports of investigations to have people deported and that there were people in this same US Attorney's office who were assisting them in creating those false reports. For making those disclosures, I was silenced and punished as can be seen in Exhibit F. That is a matter of public concern. The Government seeks to ignore all of that including the complicity of their office in the doctoring of those files which is evidenced in paragraph 57 and minimize this to only speak to the treatment. The totality of the statements was not about the treatment it was about how I believed the management officials were violating the law as clearly stated in the complaint and in other records including sworn depositions from two agents Michael Alimenti (Exhibit H) and Terrance Wallace (Exhibit I) as well as the email from Wallace to the management officials I was whistleblowing on reporting to them that I had evidence against them and planned to disclose it. (Exhibit J) The next morning after receiving Exhibit J, the management officials in question took the actions in the accepted claim in the EEOC Filing including suspending me and in addition my access to the evidence which they later claimed was deleted, including the spoken-to documents which were only turned over after the case was closed which is why it was not in the investigator's report and why the EEOC case this cases based on was dismissed. The appeal, which is Exhibit A, refers to this saying that I cannot add to the record and that my only grounds for redress is to file a case in district court which this is.

As with the Second Amendment claim, this claim has calculable damages which are my wages which are being withheld, and the other relief sought in this complaint, and the same as with the Second Amendment claim I am entitled to the protection granted under the United States Constitution. The Government's defense is directly contradicted by the facts of the case as stated and their own actions including but not limited to not having the peer support counselor check on me while claiming I was "suicidal," which was a false claim as evidenced by Wallace's contemporaneous statement in Exhibit J and his later deposition, Exhibit I. They sent me home and took the actions from the accepted claims because they claimed I was suicidal knowing I had 3 personal weapons and my unit mate had in fact committed suicide after similar abuse by the same parties just 6 months or so prior. Their doctors found nothing wrong with me, para. 134, and I was returned to duty given multiple weapons, full access to the most secure buildings and people in the country while armed, more responsibility on the security detail for the US Ambassador to the UN, full access to the UN Security Council, and made to work with the person they claimed I threatened among other things.

The standard for which the government can punish speech as relates to this is found in Watts v. United States, 394 U.S. 705 (1969) which identifies 3 factors: (1) the context of the statement or statements in question; (2) the reaction of the recipient or listeners; and (3) whether the threat was conditional. All three of these work against the Department as the statement was clearly made in jest, was hyperbolic, and in its full context, it is clear that it was part of a protected disclosure.

8

The listener, Wallace, according to him aided me in getting my weapons which I did not have, after I made the statement. When asked why he did not address the issue with me, he stated it was not his problem despite it being his job as an agent to prevent harm to all Department personnel which shows he did not take it as a true threat other than I was filing a case against management which he notes in his email. *See* Exhibits I and J generally The Department as stated took no actions to suggest they thought it was a true threat as they gave me more access and responsibility. Finally, even taking the statement on its face, it was in fact conditional. All of this leads to the legal conclusion it was not a true threat and therefore protected under the First Amendment in addition to the WPEA yet I was and am being punished for making it which is what gave rise to the EEOC Filing and subsequently this case. As such, it would not be proper to dismiss this action as it would result in the deprivation of my Constitutional rights and harm being allowed to continue.

> b. *THE DEPARTMENT CLEARLY AND BLATANTLY HAS VIOLATED THE SECOND AMENDMENT UNDER THE STANDARD SET FORTH IN. BRUEN*

The government's motion blatantly ignores recent US Supreme Court case precedent and attempts to assert false facts that have no relevance. I was punished for possessing a personal weapon I was licensed to possess under 12 FAM 092. The Court in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___ (2022) was clear as I quoted it in paragraph 207. The Motion alludes to irrelevant circumstances and cites old precedent blatantly violating the unequivocal standard set in Bruen which sets the test as to whether a regulation has a root in the history of the laws of the country. In this case, the current federal law, the Law Enforcement Officers Safety Act (LEOSA), allows for the carrying of the gun. Further, the Department revised the policy they claim I violated, 12 FAM 092, to create the violation after the incident in question because it was "unclear" making it an ex post facto regulation in violation of Article 1, Section 9, Clause 3 of the US Constitution and in violation of the Plain Writing Act of 2010. The regulation has not been applied to other white agents in my same supervisory chain who rather than be punished were promoted as can be seen in the Deposition of SSA Ariel Kaufman, Exhibit G generally. This would make this a Fifth Amendment Equal Protection and Title VII discrimination issue as well. The authorizing statute the regulation cites to is 22 USC 2709 which authorizes the Department to "prescribe regulations, which shall be approved by the Attorney General, with respect to the carrying and use of firearms by special agents **under this section**." I had a license to carry the gun under state law which is a right reserved to the state under the Tenth Amendment. The non-delegation doctrine stands for the principle that Congress cannot delegate its legislative powers or lawmaking ability to other entities like the Department.

This motion attempts to circumvent all of this, suggesting that there is no remedy for blatant Constitutional violations and that the Government should be allowed to continue to violate my rights without accountability leaving me with no way to seek redress. To dismiss this claim would be to ignore the Supreme Court's unequivocal order in Bruen and a violation of my Constitutional rights.

c. *TITLE VII DOES NOT PRECLUDE OR ELIMINATE CONSTITUTIONAL RIGHTS*

For the reasons stated above and enumerated in paragraphs 219-222 of the Complaint, the Department has violated my rights guaranteed under the Fifth Amendment specifically the right to Equal Protection under the law. Further Title VII only covers discrimination based on specific protected characteristics while the Equal Protection Clause more broadly states that the Government may not engage in any type of discrimination. Therefore, if the Government seeks to argue that I have not met the burden of showing discrimination based on a protected class, I am entitled to argue in the alternative that there was clear disparate treatment regardless, by way of example as shown in Exhibit G. They must be made to account for why that treatment existed under the strict scrutiny standard which they have not and therefore dismissal is not proper.

IV. *THE GOVERNMENT FALSELY CITES TO THE STANDARD REGARDING THE SPECIAL SOLICITUDE GRANTED TO PRO SE LITIGANTS WHO ARE ADMITTED TO PRACTICE LAW*

The Government seeks to add falsehoods not in the record in their memo skewing and obscuring the facts by claiming I am admitted to practice in multiple jurisdictions when I am only admitted to practice in the state of New York and federal courts not multiple jurisdictions and the record will show I have never been to trial in federal court nor state court before this case other than a traffic or small claims matter. They have not and cannot provide evidence to the contrary because it does not exist which distinguishes the case they cite. The record is clear, for nearly the last 7 years I have been employed as a special agent, not a practicing attorney, and certainly not trying cases in federal Court. The case that their citation cites for the proposition asserted supports my position that I SHOULD be granted special solicitude based on my lack of experience. [3]

## CONCLUSION

The Government seeks to file a motion seeking dismissal prior to any discovery or the opportunity for me to present evidence. Granting this motion at this stage would prematurely deprive me of my right to obtain relevant documents, depose witnesses, and develop my case through the discovery process in violation of Rule 8 (e). For the reasons stated herein, the law requires my claims to be allowed to proceed and the Defendant to be made to answer; I be allowed to amend my Complaint as is necessary; or alternatively, the Court to grant a Judgment on the Pleadings or Summary Judgement in my favor.

Dated: 31 August 2023
New Rochelle, New York

Respectfully submitted,

DSS SA Jabari-Jason Tyson-Phipps, Pro Se
255 North Ave #1096 |New Rochelle, NY 10802-1096
Tel: (646) 934-9694| JJTP@jjtpgroup.com

---

[3] Bank v. Alarm.com Holdings, Inc., 828 F. App'x 5, 7 (2d Cir. 2020) cites Tracy v. Freshwater, 623 F.3d 90, 102, 103-04 (2d Cir. 2010) in which the Court ruled: "…we are unwilling to endorse the general withdrawal of such solicitude for the entirety of the action on the basis of Tracy's repeated earlier participation in only some aspects of litigation Tracy's previous participation in ten federal and state actions does not on its own justify a complete withdrawal of solicitude for the entirety of this action, including any trial that may ensue. His voluminous motion practice, even if coupled with some degree of demonstrated competence in prior filings, is insufficient to cure this deficiency… Accordingly, we vacate the decision of the district court to the extent that it denied Tracy the special solicitude ordinary afforded to pro se litigants for the remainder of the action."

10