UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JABARI-JASON TYSON-PHIPPS,

                Plaintiff,

-against-                                  23-cv-2316 (LAK) (GWG)

SECRETARY ANTONY BLINKEN, U.S. Department
of State.

                Defendant.
------------------------------------- x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        This matter is before the Court on plaintiff's purported objections to the report and recommendation of Magistrate Gabriel W. Gorenstein (the "R&R"), which recommended that (a) defendant's motion to dismiss the complaint as to all claims be granted, (b) plaintiff receive leave to amend the complaint within thirty days solely as to the First Claim for Relief (Title VII discrimination) and the Third Claim for Relief (as to Title VII discrimination) only, and (c) plaintiff's requests for sanctions and a preliminary injunction be denied. Plaintiff's purported objections constitute an 80-page memorandum and 508 pages of exhibits — in flat violation of this Court's Individual Rules of Practices, which provide in relevant part that "[o]bjections to reports and recommendations, and appeals from orders of, Magistrate Judges shall not exceed twenty pages in length."[1] In view of plaintiff's disregard of that rule, his previously filed purported objections are stricken and will be disregarded although the Court hereby grants plaintiff to and including September 30, 2024 to file objections to the R&R that comply fully with the Court's rules.

        In order to facilitate this process, the Court will clarify also an ambiguity no doubt created inadvertently. The defendant's notice of motion (Dkt 13) sought "an order dismissing the Complaint pursuant to Rules 8(a) and 12(b)(6), *or in the alternative Rule 56*, of the Federal Rules of Civil Procedure." It was accompanied by a declaration authenticating a few exhibits, judicial notice of all of which would have been appropriate, and a Notice of Local Rule 56.2 (Dkts 15-16), thus perhaps contributing to a view that summary judgment might have been considered. Unsurprisingly, plaintiff then submitted at least 25 exhibits in opposition to the motion. That said,

---

[1] https://nysd.uscourts.gov/hon-lewis-kaplan. Individual Rules of Practice at 3.

2

however, the defendant's briefs in support of its motion (Dkts 14, 20), though they parroted in their introductory paragraphs the quoted reference to summary judgment found in the notice of motion, explicitly sought dismissal under only Rules 12(b)(6) and 8. The motion therefore in substance was one addressed solely to the sufficiency of the complaint. But ambiguity was promoted further by the fact that the R&R nowhere mentioned specifically whether the magistrate judge was recommending that the material outside the four corners of the complaint be considered or excluded — an omission made significant by the fact that Fed. R. Civ. P. 12(d) provides in relevant part that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In consequence, the failure to recommend exclusion of all matters outside the complaint created the possibility that defendant's motion inadvertently might have been converted into one for summary judgment. This ambiguity will be resolved now.

The Court now excludes from consideration on defendant's motion all matters outside the complaint except any as to which judicial notice appropriately may be taken or that are "integral" to or incorporated into the complaint. The motion will be considered solely with respect to whether dismissal is appropriate under Rules 12(b)(6) and/or 8.

Further, the Court now denies plaintiff's request for leave to amend in the event the defendant's motion is granted subject to plaintiff's ability to move, following any such dismissal, for leave to file an amended complaint provided the proposed amended complaint is submitted with any such motion.

SO ORDERED.

Dated: September 26, 2024

_____
Lewis A. Kaplan
United States District Judge