USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

JABARI-JASON TYSON-PHIPPS,

                Plaintiff,

        -against-                              23-cv-2316 (LAK) (GWG)

SECRETARY ANTONY BLINKEN, U.S. Department
of State.

                Defendant.

------------------------------------------x

Not for Publication

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff is a diplomatic security special agent employed by the Department of State and also a licensed attorney representing himself in this action.[1] His 59-page complaint contains ten purported claims for relief, most alleging racial discrimination under federal statutes but one claim asserting a violation of the Second Amendment, another asserting a violation of the First Amendment, and others violations of other federal statutes, various New York State laws, and even the New York City Administrative Code. It is relevant to note, however, that the complaint — to the extent it seeks relief with respect to alleged adverse employment actions — explicitly is limited to six enumerated events that allegedly took place in 2019, five of them in the month of May.

        Defendant moved to dismiss or, alternatively, for summary judgment. (Dkt 13) Plaintiff moved for a preliminary injunction and sanctions. (Dkt 25) These two motions resulted in a report and recommendation from Magistrate Judge Gorenstein (the "R&R") which recommended granting the defendant's motion with leave to amend and denial of plaintiff's motion. (Dkt 29) Plaintiff then filed objections to the recommended grant of defendant's motion totaling 80 pages of argument and over 500 pages of exhibits. (Dkt 30) Review of the report and

---

[1] In consequence, plaintiff is not entitled to the latitude normally due *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Bank v. Alarm.com Holdings, Inc.*, 826 Fed. Appx. 5, 7 (2d Cir. 2020) (summary order).

2

recommendation is *de novo* with respect to matters to which proper objection has been made.[2] Plaintiff did not object to the recommendation with respect to his own motion.[3]

*Defendant's Motion to Dismiss*

In consequence of the Court's order (Dkt 31) of September 26, the defendant's motion has been limited to a pure Rule 12(b)(6) motion, the motion has not been converted into one for summary judgment, and plaintiff has superseded his original objections with a 20-page submission without any exhibits. (Dkt 32)

*The Title VII Claims*

The first three claims for relief allege Title VII claims for disparate treatment, hostile work environment, and retaliation. We begin with the disparate treatment claim which is discussed at pages 10-15 of the R&R.

1.   The complaint alleges facts that, if true, show that plaintiff had many disagreements and conflicts with others in his organization. The magistrate judge nevertheless recommended dismissal of that claim on the ground that the complaint does not allege facts sufficient to give rise to an inference of racial animus or motivation with respect to any of the specific adverse employment actions alleged in the complaint. With one exception, the remarks plaintiff relies upon are not alleged to have been made by decision makers involved in the alleged adverse employment actions, and none allegedly was made in the course of a relevant decision making process. Exhibits M, N, O, P, and Q to plaintiff's memorandum (which this Court has excluded from consideration under Rule 12(d)) did not excuse plaintiff from making legally sufficient allegations in the complaint. And the three pending State Department complaints referred to[4] added nothing, at least in the absence of any findings one way or the other.

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] While the defendant's motion was a nondispositive matter as to which a magistrate judge's ruling ordinarily is reviewable only for clear error of fact or consistency with law, Fed. R. Civ. P. 72(a), the magistrate recommended a disposition rather than ruling on the motion. As plaintiff has not objected to that recommendation, however, the Court does not review it except that it resolves the request for leave to amend differently. *See id.* 72(b)(3). In any case, defendant's motion is mooted by the Court's decision on defendant's motion to dismiss.

[4] Cpt. ¶ 152.

3

This Court agrees with the R&R's conclusions that the remarks and the pending, unadjudicated State Department complaints add nothing to the sufficiency of plaintiff's complaint. Nor do plaintiff's declaration and the exhibits to his memorandum add anything, as they have been excluded in the consideration of the motion.

In all the circumstances, the first claim for relief is insufficient as a matter of law because it fails to allege facts that would permit a reasonable trier of fact to conclude that any adverse employment action was motivated by racial animus.

2. The magistrate judge recommended dismissal of the hostile work environment claim. R&R at 15-18. He did so because many of the allegations are conclusory, the specific comments in connection with the disparate treatment claim were, in his view, insufficiently continuous and concerted to have altered the conditions of the working environment, and there are no factual allegations showing that the few other isolated incidents of conduct were racially motivated. And plaintiff's argument with respect to the FFDE is inappropriate in view of the fact that he argues that the FFDE was retaliatory. R&R at 17. Having reviewed the matter *de novo*, the Court agrees.

3. Finally, the Court agrees with the R&R that the retaliation claim is insufficient for the reasons there stated.

*Plaintiff's Remaining Claims*

4. The 42 U.S.C. § 1981 claims contained in the Second and Third claims for relief, and the entire Seventh claim for relief, are dismissed because Title VII of the Civil Rights Act of 1964 is the exclusive remedy for federal employees alleging employment discrimination on the basis of, among other things, race.[5]

5. The Fourth claim for relief is dismissed for the reason stated in the R&R at pages 19-21. While the Court understands that plaintiff perhaps claims that he satisfied the exhaustion requirement subsequent to the filing of the complaint, a complaint may not be amended or supplemented by statements in motion papers.[6] (Dkt 32)

6. The Fifth claim for relief is dismissed for the reasons stated in the R&R at

---

[5] *See Garvin v. Potter*, 367 F. Supp. 2d 548, 559 (S.D.N.Y. 2005) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)).

[6] *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (collecting cases recognizing that party "is not entitled to amend its complaint through statements made in motion papers").

4

pages 21-24.

   7.  The Sixth claim for relief is dismissed for the reasons set forth in the first paragraph on page 25 of the R&R. These grounds make it unnecessary to address plaintiff's extensive attempt to make out a Second Amendment claim.

   8.  The Eighth, Ninth, and Tenth claims for relief are dismissed on the basis set forth in the penultimate paragraph of page 29 of the R&R.

*Leave to Amend*

   The R&R recommends that plaintiff be given leave to amend in view of the recommended dismissal of the complaint. With respect, the better course of action is to deny leave on the basis that there is no proposed amended complaint before the Court and to allow plaintiff to move for leave to file a proposed amended complaint that is submitted with that motion.

*Conclusion*

   Defendant's motion to dismiss the complaint (Dkt 13), as limited by the September 26 order, is granted in all respects. Plaintiff may move for leave to file an amended complaint with respect only to his Title VII claims, as any amendment addressed to his claims based on 42 U.S.C. § 1981, *Bivens*, and the other federal, state and city statutes referred to in the original complaint would be futile. Any such motion must be filed on or before November 7, 2024 and accompanied by a proposed amended complaint. All motion papers, including the proposed amended complaint and any quoted material it contains, shall be printed in type size of at least 12 points. In the event plaintiff moves for leave to amend, he would be well advised to bear in mind that Rule 8 requires, among other things, that a complaint make a "short and plain statement of the claim showing that the pleader is entitled to relief" and that lengthy, discursive pleadings are inadvisable.

   Plaintiff's motion for a preliminary injunction and sanctions (Dkt 25) is denied, the former as moot and the latter as without merit.

   SO ORDERED.

Dated:  October 8, 2024

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge