UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                            :
JABARI-JASON TYSON-PHIPPS
                                                            :
              Plaintiff,                       ORDER
         -v.-                                               :

                                               :      23 Civ. 2316 (LAK) (GWG)
ANTONY BLINKEN
                                                            :
              Defendant.
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff has made a motion to "transfer" this case to the White Plains Courthouse.  See Docket # 83.   The statute plaintiff relies on, 28 U.S.C. § 1404(a), does not apply because it governs transfers to another "district" or "division."   Unlike the statutes creating some districts, see, e.g., 28 U.S.C. § 105 ( Missouri), the statute creating the Southern District of New York does not further divide the Southern District into "divisions," see 28 U.S.C. § 112.   Thus, § 1404(a) provides no authority for the relief plaintiff seeks, which is not a "transfer" to another district or division, but rather the reassignment of this case to a judge in another courthouse within the Southern District.   The cases cited by plaintiff arising under § 1404(a) are thus irrelevant.

The remaining basis for the motion is "Local Civil Rule 1.8."   Local Civil Rule 1.8, however, relates to electronic equipment, and is thus irrelevant.   Perhaps plaintiff intended to cite Rule 18 of the Rules for the Division of Business Among District Judges, which concerns assignment to the White Plains Courthouse.   Reliance on that rule, however, is also fruitless.   As is stated in the preamble, the Rules for the Division of Business Among District Judges "are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys."   Id. at 1; accord Nikac v. Pozzi, 172 F. Supp. 2d 414, 416 (S.D.N.Y. 2001) ("decision to reassign [a] case" is "within the discretion of the court").

In other words, there is no legal right to have a case assigned to any particular courthouse.   To the extent the Court has discretion to direct the Clerk to make such a reassignment, that discretion will not be exercised here.   This case has been assigned to the undersigned and Judge Kaplan since April 2024, and we have made numerous rulings already. It would be grossly inefficient to require a new judge or judges to adjudicate this matter.   Rule 18 itself recognizes that assignments should be made the beginning of a case, not in the middle, as it refers to the assignment of the case "at the time of filing."   We note that there is minimal burden in litigating in a courthouse that is less than 30 miles from plaintiff's preferred courthouse and serviced by public transportation.   Plaintiff could have filed this case at the White Plains Courthouse initially but failed to do so.   To the extent plaintiff now finds it

burdensome to litigate in New York City, that burden is far outweighed by the inefficiency that would result in assigning this matter to a new judge or judges.[1]

In sum, the motion to "transfer" (Docket # 83) is denied.

Dated:  February 2, 2026
        New York, New York

                                    SO ORDERED:

                                    _____
                                    GABRIEL W. GORENSTEIN
                                    United States Magistrate Judge

---

[1] At one point, plaintiff makes reference to a purported "conflict" involving the United States Attorney's Office.   Docket # 83 at 6-9.   Without addressing whether any such conflict exists, the Court notes that a transfer to White Plains would not prevent the assigned AUSA from appearing in this matter. Furthermore, the United States Attorney for the Southern District of New York and his senior staff supervise all Assistant United States Attorneys in this district.